# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLWAVE COMMUNICATIONS, LLC., | )<br>)<br>) CIVIL ACTION NO. _____<br>)<br>) COMPLAINT FOR PATENT<br>) INFRINGEMENT<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| T-MOBILE USA INC. AND GOOGLE INC., | |
| Defendants. | |

## STATEMENT OF JURISDICTION

1. This Court has subject matter jurisdiction over this case under 18 USC §§ 1331, 1338(a).

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Nos. 6,771,970 and 7,907,933 (collectively the "Asserted Patents") (attached as Exhibits A-B).

3. This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in

consumer telephony services, including but not limited to the Google Play Store, Voice, and Defendants' family location services (collectively, "Accused Products").

## THE PARTIES

4. Plaintiff CallWave Communications LLC ("CallWave") is a Delaware limited liability corporation with its principal place of business at 136 W. Canon Perdido St., Santa Barbara, CA 93101.

5. Plaintiff CallWave is the assignee or exclusive licensee of all substantial rights, title and interest in and to the Asserted Patents.

6. Defendant Google Inc. ("Google") is a Delaware corporation headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

7. Google is in the business of providing Internet search and communication functionalities including, but not limited to, email services, location-based advertising, telephony services, mapping and navigation services, and mobile app and content distribution.

8. Defendant T-Mobile USA Inc. ("T-Mobile") is a Delaware corporation headquartered at 12920 South East 38th Street, Bellevue, Washington.

9. T-Mobile is in the business of providing communication functionalities including, but not limited to, mobile telephony services, location tracking, mapping and navigation services, and mobile app and content distribution and billing.

10. Plaintiff has been and will continue to be harmed by Defendants' infringement of the Asserted Patents. Moreover, Defendants' unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to

exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

11. Defendants' disregard for Plaintiff's property rights threatens Plaintiff's relationships with potential licensees of Plaintiff's patents, including the Asserted Patents. The Defendants will derive a competitive advantage over any of Plaintiff's future licensees from infringing Plaintiff's patented technology.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Defendants are subject to personal jurisdiction in the State of Delaware because they are incorporated in Delaware and regularly transact business in this judicial district by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendants have committed acts of direct infringement of one or more of the claims of the Asserted Patents in this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

## THE PATENTS-IN-SUIT

15. United States Patent No. 6,771,970 is entitled "Location Determination System" and relates to systems and methods for locating mobile devices.

16. United States Patent No. 7,907,933 is entitled "Call Routing Apparatus" and relates to systems and methods of processing a payment over a network.

-4-

## EXEMPLARY ACCUSED PRODUCTS

17. T-Mobile's Family Where service allows users to track the location of their family members. The service allows a user to track the location of mobile phones and displays the location of the phones on a map.

18. The Google Play Store is a mobile application and content marketplace. It allows for purchases made on the store to be billed directly to the purchaser's phone bill on the T-Mobile network.

19. T-Mobile offers direct carrier billing on its mobile network for purchases of applications and content made by its users on the Google Play Store.

## DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 6,771,970

20. Paragraphs 1 through 19 are incorporated by reference as if fully restated herein.

21. Plaintiff CallWave is the exclusive licensee of all substantial rights and interest in and to the 6,771,970 Patent.

22. T-Mobile makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use T-Mobile's Family Where.

23. T-Mobile's Family Where infringes, or employs systems, components and/or steps that make use of systems or processes that infringe, one or more of the claims of the 6,771,970 Patent.

24. T-Mobile has infringed one or more of the claims of the 6,771,970 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

-5-

## DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 7,907,933

26.     Paragraphs 1 through 25 are incorporated by reference as if fully restated herein.

27.     Plaintiff CallWave is the assignee and lawful owner of all right, title and interest in and to the 7,907,933 Patent.

28.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that include the direct carrier billing functionality of the Google Play Store on the T-Mobile network.

29.     T-Mobile offers phones providing carrier billing over the T-Mobile network for the Google Play Store including, but not limited to, the Samsung Galaxy Exhibit 4G, Samsung Galaxy S II, Samsung Galaxy S III, T-Mobile myTouch by LG, HTC Wildfire S, and T-Mobile G2. These phones provide direct carrier billing over the T-Mobile network.

30.     T-Mobile provides carrier billing for the Google Play Store on its mobile network, and thereby infringes, or employs systems, components and/or steps that make use of systems or processes that infringe, one or more of the claims of the 7,907,933 Patent.

31.     The Google Play Store with carrier billing over the T-Mobile mobile network infringes, or employs systems, components and/or steps that make use of systems or processes that infringe, one or more of the claims of the 7,907,933 Patent.

32.     The Defendants have infringed one or more of the claims of the 7,907,933 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

33.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, granting Plaintiff the following relief:

34. That this Court adjudge and decree that Defendants have infringed the Asserted Patents;

35. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendants' infringement;

36. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendants that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

37. That this Court assess pre-judgment and post-judgment interest and costs against the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

38. Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

39. Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

| | |
|---|---|
| Dated: December 12, 2012 | /s/ *Edmond D. Johnson* <br> Edmond D. Johnson (Del. Bar. No. 2257) <br> James G. McMillan, III (Del. Bar. No. 3979) <br> Pepper Hamilton LLP <br> Hercules Plaza, Suite 5100 <br> 1313 Market Street <br> P.O. Box 1709 <br> Wilmington, Delaware 19899-1709 <br> (302) 777-6539 <br> *johnsone@pepperlaw.com* <br> *mcmillaj@pepperlaw.com* <br> <br> *Attorneys for Plaintiff CallWave Communications, LLC* |