# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Karen Jacobs**
(302) 351-9227
kjacobs@mnat.com

February 13, 2015

The Honorable Richard G. Andrews
United States District Court
844 North King Street
Wilmington, DE 19801

REDACTED PUBLIC VERSION FILED
February 20, 2015

Re:   *CallWave Communications, LLC Litigations*, C.A. No. 12-1701 (RGA), 12-1702 (RGA), 12-1703 (RGA)

Dear Judge Andrews:

**I.   CallWave's Requested Exception to the Protective Order to Use Defendants' Confidential Documents in the PTAB Proceedings is not Warranted.**  *First*, CallWave's request should be denied because it is an attempt to usurp the authority of the PTAB.  As Your Honor previously stated, "this [Court] is … not the right place to be getting documents for use in the PTAB."  D.I. 160, Tr. Discovery Dispute at 26:22–25 (Sept. 16, 2014) [all D.I. citations to C.A. No. 12-1701].  CallWave fails to inform the Court that CallWave is currently seeking this same information at the PTAB.  On December 24, 2014, a hearing was held at the PTAB regarding discovery.  During that hearing CallWave's attorney—Mr. Chan—agreed with Your Honor when he paraphrased Your Honor's above-quoted language.  *See* D.I. 298 Ex. B, at 14:4-13.  Accordingly, on January 7, 2015, the patent owner submitted Patent Owner's Proposed Discovery Requests to the Petitioner to the PTAB (Ex. G) and Motion for such additional Discovery. (Ex. H).  This discovery seeks the same things that CallWave now seeks this Court to permit be provided to the PTAB.  The petitioner responded on January 16, 2015.  Ex. I.  ***The PTAB has not yet decided the issue.***  Plaintiff's request should be denied because Plaintiff is asking this Court to decide an issue currently before the PTAB.[1]

CallWave argues—without citation—that the "PTAB has adequate procedures in place to maintain the confidentiality of documents," but CallWave is incorrect.  The Court's Protective Order in this case defines, in advance, the scope of protected information, which CallWave does not dispute encompasses the documents at issue.  In sharp contrast, the PTAB rules merely permit a party to file ad hoc sealing motions, and the document is only sealed if the PTAB subsequently determines there is good cause to seal.  37 C.F.R. § 42.14.  If the PTAB denied a sealing order, there would be no way to retroactively restore the protections that the Protective Order provides for these documents.

---

[1] CallWave complains that the Petitioner argued that discovery should be obtained from the District Court proceeding, but Petitioner withdrew that argument once it learned of the limitations that the Protective Order in this case placed on such material. Ex. I at 12.

The Honorable Richard G. Andrews
February 13, 2015
Page 2

Recognizing "the PTAB's narrower protections of confidentiality," another district court denied a similar request. *Ericsson, Inc. v. D-Link Corp.*, No. 6:10-cv-473, Order at 3, D.I. 670 (E.D. Tex. Dec. 20, 2013), attached as Ex. J.  That court noted that PTAB has an intentionally narrower scope of discovery and "a correspondingly narrower protection for the confidentiality of discoverable materials." *Id.*  In denying the movant's request for relief from the Protective Order to permit documents, including indemnity agreements, obtained in the district court litigation to be used in the PTAB, the Court noted that "[g]ranting [movant's] request for relief from the Protective Order would allow [movant] *to circumvent this balance between IPR discovery and confidentiality*." *Id.* (emphasis added).[2]

The issues here warrant a denial of Plaintiff's Motion even more so than in *Ericsson* because the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  The recognition of such ▇▇▇▇▇▇▇▇ led to additional protections being added to the Protective Order not present in the *Ericsson* Protective Order that prohibit the use of documents produced in this litigation by a party from being used even by another party in the same Track, let alone in an entirely different proceeding.  D.I. 136, at ¶ 1(A)1.

*Second*, the basis for CallWave's request is fundamentally flawed.  These documents are not "Privity Documents" as CallWave claims, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ("the Documents"). The Documents are not even relevant to privity because under 35 U.S.C. § 315(b), the PTAB looks to whether the parties are privies at the time of the service of the Complaint.  *See* Ex. I at 3–4.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Moreover, at the time of the service of the Complaints, each of the Carriers was represented by different counsel.  And even now the Carriers maintain separate litigation teams (Mr. Ruthenberg for T-Mobile and Sprint and Mr. Nelson for AT&T), and each have separate Delaware counsel.  None of these attorneys are participating in the IPR.  With respect to Mr. Hogge, he has not been active in or directing the district court litigation.[3]

**II.    CallWave's Request for AT&T Privileged Documents Should be Denied.** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  The remaining documents that CallWave seeks are privileged.  *See, e.g.*, D.I. 157, at 1-2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



---

[2] *See also Broadcom Corp. v. Telefonaktiebolaget LM Ericsson*, Paper 20, Jan. 24, 2014, at 10 n.4, attached as Ex. K, (PTAB also recognized the district court's broader "relevancy" standard in denying the movant's attempt to obtain such discovery).

[3] CallWave's counsel, more than anyone, should recognize that law firms may serve different roles for clients in different contexts since they sought to defeat a subpoena on the Israeli patent owner LocatioNet by representing to the Court "[t]he fact remains that Pepper Hamilton does not represent LocatioNet and cannot speak for LocatioNet," (D.I. 185), even though at the time it made that representation Pepper Hamilton had submitted Powers of Attorney with the Patent Office confirming that they represented LocatioNet in the IPRs relating to the '970 patent and before the Patent Office for all purposes relating to the '970 patent.  Exs. L and M.

The Honorable Richard G. Andrews
February 13, 2015
Page 3

███████████████████████████████████████ If true, the documents would be work product and thus protected.  *See, e.g., American Eagle Outfitters, Inc. v Payless Shoesource, Inc.*, No. CV 07-1675, 2009 U.S. Dist. LEXIS 105608, at *8 (E.D.N.Y. Nov. 12, 2009) (denying plaintiff's motion to compel correspondence between two parties having an indemnity dispute and finding "the exchange of work product among attorneys with identical litigation perspectives should not render such tangible information vulnerable to pre-trial discovery"); *In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1389-90 (Fed. Cir. 1996) (applying a joint interest privilege between licensee and patent owner based on a common legal interest to enforce a patent); *see also Pecover v. Elec. Arts, Inc.*, No. C 08-2820, 2011 U.S. Dist. LEXIS 138926, at *7 (N.D. Cal. Dec. 1, 2011) (denying plaintiff's motion to compel when a defendant and a third party shared a common interest in formulating a legal strategy).[4]

Nor has the privilege been waived.  "[C]ourts have generally held that where the disclosing party and the third party share a common interest, there is no waiver of the work product privilege."  *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 214 (S.D.N.Y.). ███████████
████████████████████████████████████████████████  In an analogous situation, the court in *American Eagle* denied a motion to compel correspondence between two parties having an indemnity dispute, but also a common interest in defending a trademark action, because "the work product they share with one another remains protected since the sharing of those matters with one another does not materially increase the likelihood that the matters will be disclosed to" the adverse party in the litigation.  2009 U.S. Dist. LEXIS 105608, at *11. ████████████████████████
████████████████████████████████████████████████.[5] CallWave's request for the production of ████████████████████████ should be thus denied.

**III.   CallWave's Request for Deposition Dates is not Ripe for Motion Practice.**  CallWave seeks to raise the scheduling of witnesses in the '970 track pursuant to CallWave's 30(b)(6) notices, to which the parties have served individualized objections and are in ***various stages of the meet and confer process***.  This was not a topic set for the February 17, 2015 discovery hearing.  *See* Ex. O.  Defendants are mindful of the need to move forward with discovery, but completion of the meet and confer process is necessary to avoid duplicative, piecemeal depositions.  *See, e.g.,* Exs. N, P, and Q, emails to Bishop (2/2/15).

---

[4] CallWave attempts to establish some sort of gotcha with Mr. Ruthenberg (who represents Sprint and T-Mobile) stating he was not aware of any additional communications between the Carriers and Location Labs after the acceptance of the defense by Location Labs (see 9/16/14 Tr., at 5:15–19) and Mr. Schladweiler's (representing AT&T) silence.  That issue has been fully addressed by the attached email correspondence.  *See* Ex. N.

[5] Finally, as addressed above, CallWave has not established a substantial need for the materials to prepare its case, as it relates to Section 1(A)(1) of the Protective Order and 35 U.S.C. §315(e)(2).  *See, e.g.*, D.I. 157, at fn. 2.

The Honorable Richard G. Andrews
February 13, 2015
Page 4

                    Respectfully submitted,

                    */s/ Karen Jacobs*

                    Karen Jacobs (#2881)
                    *Attorneys for Sprint Spectrum L.P. and*
                    *Sprint Communications Company L.P.*

                    **And on behalf of:**

                    */s/ Benjamin J. Schladweiler*

                    Benjamin J. Schladweiler (#4601)
                    *Attorneys for AT&T Mobility LLC*

                    */s/ Ryan P. Newell*

                    Ryan P. Newell (#4744)
                    *Attorneys for T-Mobile USA, Inc.*

Enclosures

cc:    Clerk of the Court (Via Hand Delivery, w/encls.)
       All Counsel of Record (Via Electronic Mail, w/encls.)

8894604